IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHELLY BURLEY-HARTMAN,
on behalf of K.H.,

          Plaintiff,

v.

KILOLO KIJAKAZI,[1]
Acting Commissioner of Social Security,

          Defendant.

OPINION and ORDER

20-cv-296-jdp

---

Plaintiff Shelly Burley-Hartman seeks judicial review of a final decision of defendant Kilolo Kijakazi, Acting Commissioner of the Social Security Administration, denying her minor child K.H.'s application for supplemental security income. Burley-Hartman contends that the administrative law judge erred by concluding that K.H.'s speech delay did not cause a marked limitation in the functional domain of interacting and relating with others. The court is not persuaded that the ALJ erred, so it will affirm the acting commissioner's decision.

BACKGROUND

Shelly Burley-Hartman applied for supplemental security income on behalf of her minor child, K.H., in March 2017. She alleged that K.H. was disabled as of October 2016, when he was six months old, due to breathing problems, learning and speech difficulties, and stomach problems. In a July 2019 decision, an ALJ found that K.H. was not disabled. R. 44–58.[2]

---

[1] The court has changed the caption to reflect Kilolo Kijakazi's appointment as acting commissioner.

[2] Record cites are to the administrative record, located at Dkt. 17.

The ALJ applied the three-step sequential evaluation process for determining disability for children. *See* 20 C.F.R. § 416.924. This appeal concerns only step three. At that step, if a child's impairments do not meet or medically equal a listing, the ALJ determines whether the child's impairments functionally equal a listing by rating the degree of limitation in six functional domains. *Id.* § 416.926a. An impairment functionally equals a listing when it causes marked limitations in two domains or extreme limitations in one. *Id.* § 416.926a(b). A marked limitation "interferes seriously with your ability to independently initiate, sustain, or complete activities," and is the equivalent of functioning one would "expect to find on standardized testing with scores that are at least two, but less than three, deviations below the norm." *Id.* § 416.926a(e)(2).

The ALJ found that K.H. suffered from the severe impairments of asthma and speech delay, but that K.H. did not have an impairment or combination of impairments that met or medically equaled a listed impairment. R. 47–48. In assessing functional equivalence, the ALJ found that K.H. had a marked limitation in only one functional domain—health and physical well-being. R. 48–57. The ALJ concluded that K.H. had a less-than-marked limitation in the domains of interacting and relating with others and in acquiring and using information, and no limitation in the remaining three domains. *Id.* Because K.H. did not have a marked limitation in two functional domains, he was not entitled to benefits.

ANALYSIS

Burley-Hartman appeals the ALJ's decision, contending that the ALJ erred in concluding that K.H.'s speech delay did not cause a marked limitation in the functional domain of interacting and relating with others. This court must determine whether the ALJ's decision is

supported by substantial evidence, which means "sufficient evidence to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). The threshold for sufficiency is not high; the substantial evidence standard requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* The ALJ must identify the relevant evidence and build a "logical bridge" between that evidence and the ultimate determination. *Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014).

The domain of interacting and relating with others considers the speech and language skills of children and, in particular, how well a child is able to "initiate and sustain emotional connections with others, develop and use the language of the community, cooperate with others, comply with rules, respond to criticism, and respect and take care of the possessions of others." 20 C.F.R. § 416.926a(i); SSR 09-5p. Social Security rules describe how infants and young toddlers without an impairment in this area should interact with others, and also provide examples of how an impairment might limit an infant's or young toddler's ability to interact and relate to others. *See* 20 CFR 416.926a(i)(3) and SSR 09-5p.

Burley-Hartman argues that the ALJ's conclusion is not supported by substantial evidence because the ALJ ignored numerous references in the record to K.H.'s language delays. She also argues that the ALJ relied improperly on an unsupported opinion from Dr. Clark Kramer, an impartial medical expert. Burley-Hartman cites a February 21, 2017 speech and language evaluation administered by the Wood County Birth to Three Program, which stated that K.H. needed a speech therapist because he had significant development delays in the areas of receptive language, expressive language, and language ability. R. 773–74, 1118. Burley-Hartman also cites a September 2018 report from a pediatric neurologist who noted that K.H. "use[d] 2 to 3 word phrases" and could be understood 75% of the time. R. 1074.

3

Burley-Hartman's arguments are not persuasive. The ALJ's discussion and assessment of K.H.'s speech delay was thorough and well-reasoned. The ALJ acknowledged that K.H. had a history of a speech delay for which he received occupational therapy speech services on a regular and ongoing basis. R. 49. The ALJ cited specifically to the evidence that Burley-Hartman says was ignored, including testing from the Birth to Three Program and the September 2018 doctor's visit. R. 49 (citing 782, 1103, 1074). In addition, the ALJ acknowledged Burley-Hartman's own testimony that K.H. spoke only a few words and did not speak in full sentences. R. 49 (citing R. 1146). But the ALJ found that overall, the evidence showed that K.H.'s speech delay was mild, and that he could communicate appropriately for his age.

The ALJ cited substantial evidence in support of her conclusion, including September 2018 treatment records stating that K.H.'s speech was "articulate" for his age, *id.* (citing R. 1074); December 2018 treatment records stating that K.H. had only a "mild" speech delay and "is generally a happy kid" who "enjoys interacting with Mom and playing with other children" and "is easily able to interact with new people," *id.* (citing R. 1146); and a July 2018 function report from K.H.'s preschool teacher stating that K.H. could play with other children, follow simple directions, and use simple phrases, R. 52 (citing R. 303). The ALJ also considered Burley-Hartman's own testimony that K.H. got along well with other children, played with the neighbor's children, talked to his sisters, and was very helpful in school. R. 56 (citing R. 84, 91). All of this evidence supported the ALJ's conclusion that K.H. had a less-than-marked limitation in the domain of interacting and relating with others.

The ALJ's conclusion was also supported by the several medical opinions that she discussed in her decision. R. 50. Two state agency reviewing pediatricians, Pat Chan, M.D. and

4

Janis Byrd, M.D., opined that K.H. had no limitation in this domain. R. 108, 122. K.H.'s treating pulmonologist, Laura McCauley, M.D., opined that K.H. had "none to slight" limitation in interacting and relating with others. R. 50 (citing R. 794). And impartial medical expert and pediatrician Clark E. Kramer, M.D., opined that although K.H.'s speech and language delay caused more than a minimal limitation in K.H.'s ability to communicate with others, the speech delay did not cause a marked limitation in the domain of interacting and relating with others. R. 1206–10. The ALJ found all of the opinions to be persuasive, but she concluded that the more recent evidence supported Dr. Kramer's opinion that K.H.'s speech delay caused a less-than-marked limitation. R. 50.

Burley-Hartman argues that the ALJ erred by relying on Dr. Kramer's opinion because Dr. Kramer failed to support his opinion with any evidence. But the record shows that the ALJ provided Dr. Kramer with K.H.'s medical records, R. 1204, and the ALJ stated specifically that Dr. Kramer "had the benefit of reviewing the entire medical history as it existed at the time of rendering his opinion." R. 50. The ALJ did not err by crediting Dr. Kramer's opinion.

In sum, the ALJ cited sufficient evidence to support her conclusion that K.H. had a less-than-marked limitation in the domain of interacting and relating with others. K.H. has not shown any basis for remanding this case, so the court will affirm the acting commissioner's decision denying benefits.

ORDER

IT IS ORDERED that the decision of the acting commissioner is AFFIRMED. The clerk of court is directed to enter judgment in favor of the acting commissioner and close this case.

Entered September 14, 2021.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge